1  Semnar & Hartman, LLP
   Babak Semnar, Esq. (#224890)
2  bob@semnarlawfirm.com
   Jared M. Hartman (#254860)
3  jaredhartman@jmhattorney.com
   400 S. Melrose Drive, Suite 209
4  Vista, California 92081
   Telephone: (951) 293-4187
5  Fax: (888) 819-8230

6  Attorneys for Plaintiff
   ANNA GUTIERREZ

7
                    **U.S. DISTRICT COURT**
8
              **SOUTHERN DISTRICT OF CALIFORNIA**

| 9  | ANNA GUTIERREZ, an individual, | Case No.: **'15CV0332 DMS DHB** |
|----|-------------------------------|----------------------------------|
| 10 | Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:** |
| 11 | v. | |
| 12 | HERBERT P SEARS CO., INC.; WESTERN DENTAL SERVICES, INC.; | 1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.;** |
| 13 | | |
| 14 | Defendants. | 2. **STATE OF CALIFORNIA ROSENTHAL ACT, CALIF. CIV. CODE § 1788, et seq.;** |
| 15 | | 3. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CALIF. CIV. CODE 1785.25(a)** |

17   Plaintiff, ANNA GUTIERREZ, an Individual, by and through her attorneys of

18  record, hereby complains and alleges as follows:

19                          **INTRODUCTION**

20   1.   Plaintiff, by and through her attorneys of record, bring this action to secure

21  redress from unlawful debt collection practices engaged in by Defendant HERBER P.

                                    1
                              **COMPLAINT**

SEARES COMPANY, INC. (hereinafter "Defendant HPS") and Defendant WESTERN DENTAL SERVICES, INC. (hereinafter "Defendant WESTERN") in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA"); the State of California Rosenthal Act, California Civil Code § 1788-1788.32 (hereinafter "Rosenthal" or "Rosenthal Act"); and the State of California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(a) (hereinafter "CCRAA").

2. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff personally, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

5. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

**JURISDICTION AND VENUE**

4. This action arises out of Defendant HPS' violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p; and the U.S. District Court has supplemental jurisdiction over all state law causes of action pursuant to 28 U.S.C. § 1367(a).

1       5.     Because Defendant HPS is a California company and maintains an agent for service of process within the City of Bakersfield, personal jurisdiction is established.

     6.     Because Defendant WESTERN regularly conducts business within the State of California and maintains an agent for service of process within the City of Los Angeles.

     7.     Venue in this District is proper pursuant for the following reasons: (i) Plaintiff resides in the City of Oceanside, County of San Diego, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant has conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

     8.     Plaintiff is a natural person whose permanent residence is in the County of San Diego, State of California, and is therefore a "person" as that term is defined by California Civil Code § 1788.2(g) of the Rosenthal Act.

     9.     Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendants, alleged to have been due and owing, is therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and is also therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

     10.     As a partnership, corporation, limited liability company, or other similar entity, Defendants are both therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

4
COMPLAINT

11. Defendant HPS alleged that Plaintiff owed money that they were allegedly collecting arising out of medical services performed upon Plaintiff by Defendant WESTERN without money being required prior to services being performed, and Plaintiff therefore is informed and believes that the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and California Civil Code § 1788.2(d) of the Rosenthal Act.

12. Upon information and belief, Defendant HPS alleged that Plaintiff owed money that they were allegedly collecting for money arising out of medical services performed upon Plaintiff by Defendant WESTERN without money being required prior to services being performed, and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

13. Because Plaintiff, a natural person allegedly obligated to pay money arising from what Plaintiff is informed and believes was a consumer credit transaction due to medical services performed upon Plaintiff, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

14. Plaintiff is informed and believes that Defendant HPS utilizes the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, is one who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or themselves, and is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

15. Plaintiff is informed and believes that Defendant WESTERN is one who regularly collects or attempts to collect debts owed or due or asserted to be owed or due on behalf of themselves, and is therefore a "debt collector" within the meaning of California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

16. As it pertains to the California CCRAA, Plaintiff is a natural person, and is therefore a "consumer" as that term is defined by Calif. Civ. Code § 1785.3(b) of the California CCRAA.

17. As it pertains to the California CCRAA, the causes of action herein pertain to Plaintiff's "consumer credit reports", as that term is defined by Calif. Civ. Code § 1785.3(c) of the California CCRAA, in that inaccurate misrepresentations of Plaintiff's creditworthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to

be used primarily for personal, family, or household purposes, and employment purposes.

18. Defendants HPS is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Calif. Civ. Code § 1785.3(j) of the California CCRAA.

## FACTUAL ALLEGATIONS

19. Sometime in May of 2012, when Plaintiff was a minor child, she received dental services by Defendant WESTERN.

20. Since Plaintiff was a minor, her mother signed as the financially responsible party.

21. The contract entered into between Defendant WESTERN and Plaintiff's mother shows that only "the undersigned" is the financially responsible party, and Plaintiff's mother signed as "the undersigned" and also signed as "mama" to identify her relationship to the minor patient.

22. At some point thereafter, Plaintiff's mother failed to pay the outstanding debt, and Defendant WESTERN assigned the outstanding amount to Defendant HPS for collection purposes.

23. As such, Defendant HPS' actions were always taken on behalf of and in connection with Defendant WESTERN.

24. In August of 2014, Plaintiff was outrightly rejected for financial assistance for college as a result of a derogatory item reflected upon her consumer credit report.

25.  Plaintiff's credit reports from August of 2014 on-ward reflect that Defendant HPS has been reported thereupon that Plaintiff is individually responsible for the allegedly outstanding amount, and that the amount is in default and in collection status.

26.  Defendant HPS' reporting is the only derogatory item upon Plaintiff's consumer credit report, and but-for this derogatory reporting Plaintiff would have received financial assistance for her higher education.

27.  Since Plaintiff has not been able to secure financial assistance for higher education, she has not been able to enroll in college at all.

28.  This conduct has further caused mental anguish to Plaintiff in that she has been upset, angry, frustrated, embarrassed, and has suffered feelings of hopelessness and despair over the fact that she has not been able to start her course of higher education along with her friends and peers, all for something over which she has no ability to control.

29.  Plaintiff never once signed the contract as the responsible party and was a minor at the time of services, and as such Defendant HPS' reporting of Plaintiff as the responsible party is not accurate and has caused her harm.

30.  Upon being contacted for inquiry, Defendant WESTERN has claimed that Plaintiff is the responsible party, which is simply not true since Plaintiff never once signed the contract and never agreed to be the responsible party.

///

**FIRST CAUSE OF ACTION**
**AS AGAINST DEFENDANT HPS ONLY**
**(VIOLATIONS OF FDCPA)**
**15 U.S.C. §§ 1692-1692p**

31. Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

32. By reporting upon Plaintiff's consumer credit report the false information that Plaintiff is individually responsible for the alleged debt and is in default thereupon, Defendant HPS has therefore committed the following violations:

   a. Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e of the FDCPA,

   b. Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA,

   c. Has taken legal action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5) of the FDCPA,

   d. Has communicated to the credit reporting agencies information that is known or should be known to be false in violation of 15 U.S.C. § 1692e(8) of the FDCPA, and

   e. Has used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

33. By reporting upon Plaintiff's consumer credit report the false information that Plaintiff is individually responsible for the alleged debt and is in default thereupon,

1  Defendant has therefore engaged in unfair or unconscionable means to collect or
2  attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

3      34.    Plaintiff is informed and believes that these violations were willful, in that
4  Defendant could have easily discovered the proper responsible party by simply
5  reviewing the signature line of who signed as the responsible party.

**SECOND CAUSE OF ACTION**
**(AS AGAINST BOTH DEFENDANTS JOINTLY AND SEVERALLY)**
**(VIOLATIONS OF ROSENTHAL ACT)**
**CAL. CIV. CODE §§ 1788-1788.32**

9      35.    Plaintiff re-alleges and incorporates by reference the above paragraphs, as
10  though set forth fully herein.

11      36.    By violating the FDCPA, as identified the First Cause of Action above,
12  Defendant HPS has also necessarily violated the Rosenthal Act via Calif. Civil Code §
13  1788.17, as the Rosenthal Act has incorporated each of those provisions of the FDCPA.

14      37.    By claiming that Plaintiff is now responsible for the alleged debt even
15  though she never signed the contract and never once agreed to be responsible for the
16  contract, Defendant WESTERN has committed the following violations of the FDCPA,
17  and has therefore violated the Rosenthal Act via Calif. Civil Code § 1788.17 as each of
18  these violations have been incorporated therein:

19      a. Engaged in false, deceptive, or misleading representation or means in
20          connection with the collection of a debt in violation of 15 U.S.C. § 1692e
21          of the FDCPA,

b. Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA, and

c. Has used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

38. Plaintiff is informed and believes that these violations were willful, in that Defendant could have easily discovered the proper responsible party by simply reviewing the signature line of who signed as the responsible party.

### THIRD CAUSE OF ACTION
### (AS AGAINST DEFENDANT HPS ONLY)
### (VIOLATIONS OF CALIF. CCRAA)
### CAL. CIV. CODE § 1785.25(a)

39. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as if fully stated herein.

40. As the furnisher of information to credit reporting agencies, Defendant HPS is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRA.

41. Even if the derogatory reporting is technically accurate, it is still a violation of this law if the derogatory reporting is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Cisneros v. U.D. Registry, Inc.* (1995) 39 Cal. App. 4th 548.

42. Because Defendant HPS reported upon Plaintiff's consumer credit reports

11
**COMPLAINT**

1 the false information that she has been in default on a line of credit for which she never 2 once agreed to be financially responsible, Defendant HPS has thereby repeatedly 3 violated its obligations under Calif. Civ. Code § 1785.25(a).

4    43.   Plaintiff is informed and believes that Defendant's violation as described 5 above were knowing and willful because Defendant simply had to check the signature 6 line to determine who signed as the responsible party.

7    44.   As a result of these violations, Plaintiff has suffered actual damages in that 8 she has been outrightly denied for financial assistance for higher education strictly due 9 to Defendant's false reporting, and has also suffered mental anguish by way of 10 embarrassment, humiliation, sadness, anger, frustration, and feelings of hopelessness.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant, and Plaintiff be awarded damages from each Defendant, jointly and severally, as follows:

- An award of statutory damages of $1,000.00 from Defendant HPS pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of actual damages from Defendant HPS pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of costs of litigation and reasonable attorney's fees from Defendant HPS, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of statutory damages of $1,000.00 from each Defendant individually pursuant to Cal. Civ. Code § 1788.30(b);
- An award of actual damages from each Defendant jointly and severally pursuant to California Civil Code § 1788.30(a);
- An award of costs of litigation and reasonable attorney's fees from each Defendant jointly and severally pursuant to Cal. Civ. Code § 1788.30(c);
- Actual damages, as will be proven at trial, for Defendant HPS' negligent violations of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(1);
- Actual damages plus punitive damages of $100.00-$5,000.00 from Defendant HPS for every willful violation of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);
- Injunctive relief pursuant to Calif. Civ. Code § 1785.31(b); and
- Any reasonable attorney's fees and costs to maintain the instant action from Defendant HPS, pursuant to Calif. Civ. Code § 1785.31(d).

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 17, 2015          Respectfully submitted,

                                  SEMNAR & HARTMAN, LLP

                                  By:   /s/ Jared M. Hartman_____
                                        Jared M. Hartman, Esq.
                                        Attorney for Plaintiff

13
**COMPLAINT**